The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAREY M. BRENNAN,

    Plaintiff,

v.

OPUS BANK, a California corporation; and STEPHEN H. GORDON,

    Defendants.

Case No. 2:13-cv-00094-RSM

DECLARATION OF NORMAN B. ANTIN

I, Norman B. Antin, declare as follows:

1. I am a Partner in the law firm of Patton Boggs LLP ("Patton Boggs"). I am over the age of twenty-one years and am fully competent to make this Declaration. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. Patton Boggs provided legal representation in connection with the recapitalization (the "Recapitalization") of Bay Cities National Bank ("Bay Cities"), which was consummated on September 30, 2010. This representation included drafting of the form of employment agreements (the "Bank Employment Agreements") to be entered into between Opus Bank, the successor to Bay Cities following the Recapitalization, and certain executive officers of Opus Bank, including Carey Brennan.

DECL OF NORMAN B. ANTIN - 1

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

3. During the period from December 2009 thru October 2010, Mr. Brennan was Patton Boggs' primary point of contact for the Recapitalization transaction, including Patton Boggs' preparation of the Bank Employment Agreements. For this reason, Patton Boggs' copied Mr. Brennan on its correspondence with the Federal Deposit Insurance Corporation ("FDIC") related to the process of obtaining regulatory approval of the Bank Employment Agreements.

4. Patton Boggs' filed a business plan on February 11, 2010 with the FDIC and California Department of Financial Institutions in connection with the recapitalization. Confidential treatment of the business plan was requested because the business plan contained confidential financial and commercial information not intended for public disclosure.

5. Attached hereto as Exhibit A is a true and correct copy of a letter dated July 14, 2010 from me to the FDIC related to the Bank Employment Agreements wherein I copied Mr. Brennan due to his role as Opus Bank's representative.

6. Attached hereto as Exhibit B is a true and correct copy of a letter dated August 10, 2010 from me to the FDIC related to the Bank Employment Agreements wherein I copied Mr. Brennan due to his role as Opus Bank's representative.

- I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at San Francisco, California this 7th day of February, 2013.

*Norman B. Antin*
Norman B. Antin, Esq.

DECL OF NORMAN B. ANTIN (2:13-CV-00094-RSM) - 2

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Michael D. Hunsinger, WSBA #7662
The Hunsinger Law Firm
100 South King Street, Suite 400
Seattle, WA 98104
Telephone:   206-624-1177
Fax:         206-624-1178
E-mail:      mike_hunsingerlawyers@yahoo.com
             mike@hunsingerlawyers.com

**Attorneys for Plaintiff**

Dated:  February 7, 2013

*s/ Sally Swearinger*
sswearinger@littler.com
**LITTLER MENDELSON, P.C.**

DECL OF NORMAN B. ANTIN (2:13-CV-00094-RSM) - 3

**EXHIBIT A**

**PATTON BOGGS**LLP
ATTORNEYS AT LAW

2550 M Street, NW
Washington, DC 20037-1350
202-457-6000

Facsimile 202-457-6315
www.pattonboggs.com

July 14, 2010

Norman B. Antin
202-457-6514
nantin@pattonboggs.com

**VIA FEDERAL EXPRESS AND E-MAIL**

Stan Ivie
Regional Director
Federal Deposit Insurance Corporation
25 Jessie Street at Ecker Square, Suite 2300
San Francisco, California 94105-2780

    Re: Amendment to the Application for Approval to Enter into Proposed Employment Agreements;
Bay Cities National Bank (Charter No. 22654)

Dear Mr. Ivie:

    On December 17, 2009, the proposed new management group ("New Management Group") for Bay Cities National Bank, a national banking association (the "Bank"), submitted to the Federal Deposit Insurance Corporation ("FDIC") an application for approval of the Bank to enter into employment agreements ("Original Application") with certain to-be-appointed executive officers upon the completion of the Bank's comprehensive Plan of Recapitalization, dated December 17, 2009, as amended on February 5, 2010 (the "Plan of Recapitalization").[1] The Plan of Recapitalization provides for, among other things, the conversion of the Bank from a national banking association to a California-chartered commercial bank (the "Charter Conversion") and, immediately following the effectiveness of the Charter Conversion, the redemption of the Bank's common stock from its current sole stockholder, Peninsula Banking Group, Inc. (the "Redemption") and the simultaneous closing of a private placement of the Bank's securities to raise approximately $430 million of new capital (the "Private Placement"). The Plan of Recapitalization and the transactions contemplated thereby are described in more detail in both (i) the New Management Group's Interagency Notice of Change in Control filed with the FDIC on February 11, 2010 and (ii) the Bank's application for the Redemption pursuant to Sections 18(i) and 38 of the Federal Deposit Insurance Act filed with the FDIC by letter dated February 9, 2010, and as amended on July 13, 2010.

    As part of the Plan of Recapitalization and as a condition to closing the Private Placement, subject to receipt of any regulatory approvals and non-objections, the Bank will appoint Stephen H. Gordon, Carey M. Brennan, Donald E. Royer, Richard A. Sanchez and Thea

---

[1] A copy of the Plan of Recapitalization was included in Exhibit A to the application for the Redemption filed with the FDIC by the Bank by letter dated February 9, 2010.

5105472

Washington DC | Northern Virginia | New Jersey | New York | Dallas | Denver | Anchorage | Doha | Abu Dhabi

**EXHIBIT A**

**PATTON BOGGS** LLP
ATTORNEYS AT LAW

Federal Deposit Insurance Corporation
July 14, 2010
Page 2

K. Stuedli as new senior executive officers of the Bank (the "New Senior Executive Management Team") simultaneously with the closing of the Private Placement. In connection with the appointment of the New Senior Executive Management Team, subject to receipt of any regulatory approvals and non-objections, the Bank will enter into an employment agreement with each member of the New Senior Executive Management Team.

Following discussions with the staff of the FDIC, the forms of employment agreements for the New Senior Executive Management Team previously submitted with the Original Application were revised. A copy of the revised form of employment agreement for Stephen H. Gordon, marked to show changes to the employment agreement that was filed as part of the Original Application, was submitted to the staff of the FDIC for consideration via email dated March 31, 2010. Significantly, to the extent that the Bank is subject to the restrictions on golden parachute payments pursuant to 12 C.F.R. §359.1(f)(1)(ii)(C) following the Charter Conversion and at the time of the Redemption and closing of the Private Placement, each employment agreement that is to be entered into with a member of the New Senior Executive Management Team will entitle such person to receive, upon the occurrence of certain termination events, a severance payment that is limited to 12 months of such employee's annual base salary, which is within the 12 month salary standard set forth at 12 C.F.R. §359.4(a)(3).

Attached hereto as <u>Confidential Exhibit 1</u> is a copy of the form of revised employment agreement to be entered into with Stephen H. Gordon, the proposed new president and chief executive officer, of the Bank, which is identical to the form submitted to the staff of the FDIC via email on March 31, 2010. The Gordon employment agreement is substantially similar to each of the employment agreements that the Bank will enter into with all members of the New Senior Executive Management Team. For your reference, a marked version of the revised Gordon employment agreement compared to the employment agreement of Stephen H. Gordon that was filed as part of the Original Application is also included herewith. Pursuant to 12 C.F.R. § 359 and since the FDIC will be the primary federal regulator of the Bank following the Charter Conversion, the non-objection of the FDIC is respectfully requested for the Bank to enter into the revised employment agreements with each of the members of the New Senior Executive Management Team.

The executed certification required to be filed pursuant to 12 C.F.R. §§ 303.244(b)(6) and 359.4(a)(4)(iv) with respect to the New Senior Executive Management Team was previously submitted to the FDIC on December 23, 2009.

As part of the Original Application, the New Management Group also sought regulatory concurrence that the retention award agreements, which the Bank intends to enter into with current officers upon the installation of the new management team and the completion of the Plan of Recapitalization, were not agreements subject to the requirements of 12 C.F.R. § 359.

**PATTON BOGGS** LLP
ATTORNEYS AT LAW

Federal Deposit Insurance Corporation
July 14, 2010
Page 3

\* \* \* \* \* \* \* \* \* \*

It is the strong desire of the Bank and the New Management Group to consummate the Plan of Recapitalization and the transactions contemplated thereby (including the Charter Conversion, the Redemption and the Private Placement) prior to July 31, 2010, and to do so it is imperative that the Bank obtain all necessary regulatory approvals and non-objections as soon as possible. Accordingly, the New Management Group respectfully requests that the FDIC take action with respect to this amendment to the Original Application as soon as practicable.

The New Management Group respectfully requests confidential treatment of the information included in this Amendment and the Confidential Exhibit and any additional documents that may at any time be submitted in connection with this Amendment (the "Confidential Materials"). The Confidential Materials contain sensitive, non-public commercial and financial information that is exempt from disclosure under the Freedom of Information Act, 5 U.S.C. § 552(b)(4) ("FOIA"), the FDIC's implementing regulations, 12 C.F.R. Part 309, including 12 C.F.R. § 309.5(g)(8) and 12 CFR § 309.6(a), Section 607 of the Financial Services Regulatory Relief Act of 2006. The Confidential Materials also may qualify under FOIA and FDIC regulations for other exemptions from disclosure. The Confidential Materials contain personal information not otherwise available to the public and a disclosure of this information would constitute an unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(6) and 12 C.F.R. § 303.8(b)(i).

If you need additional information, please do not hesitate to contact Jeffrey D. Haas at (202) 457-5675 or me at (202) 457-6514.

Sincerely,

*Norman B. Antin*
Norman B. Antin

Enclosures

cc: James M. Patten, California Department of Financial Institutions
    Carey Brennan, Esq.
    Barbara Polsky, Esq.
    Jeffrey D. Haas, Esq.

**EXHIBIT B**

**PATTON BOGGS** LLP
ATTORNEYS AT LAW

2550 M Street, NW
Washington, DC 20037-1350
202-457-6000

Facsimile 202-457-6315
www.pattonboggs.com

August 10, 2010

Norman B. Antin
202-457-6614
nantin@pattonboggs.com

<u>VIA FEDERAL EXPRESS AND E-MAIL</u>

Stan Ivie
Regional Director
Federal Deposit Insurance Corporation
25 Jessie Street at Ecker Square, Suite 2300
San Francisco, California 94105-2780

    Re:    Second Amendment to the Application for Approval to Enter into
            Proposed Employment Agreements;
            <u>Bay Cities National Bank (Charter No. 22654)</u>

Dear Mr. Ivie:

        Reference is made to the amendment to the letter application to enter into employment agreements, dated July 14, 2010 (the "Amended Application"), submitted to the Federal Deposit Insurance Corporation ("FDIC") on behalf of the new management group (the "New Management Group") for Bay Cities National Bank, a national banking association (the "Bank").

        In response to oral comments received from the staff of the FDIC, the forms of employment agreements for Stephen H. Gordon, Carey M. Brennan, Donald E. Royer, Richard A. Sanchez and Thea K. Stuedli as new senior executive officers of the Bank (the "New Senior Executive Management Team") were revised to provide for the continuation of health insurance benefits for 12 months following termination of employment. A copy of the revised form of employment agreement for Stephen H. Gordon, the proposed new president and chief executive officer of the Bank, is attached hereto as <u>Confidential Exhibit 1</u>. For your reference, the attached revised employment agreement has been marked to show changes made to the draft previously submitted with the Amended Application. The Gordon employment agreement is substantially similar to the employment agreements that the Bank will enter into with each member of the New Senior Executive Management Team.

        Pursuant to 12 C.F.R. § 359, the non-objection of the FDIC is respectfully requested for the Bank to enter into the revised employment agreements with each of the members of the New Senior Executive Management Team.

        We respectfully request confidential treatment of the information included in this letter and the Confidential Exhibit and any additional documents that may at any time be submitted in connection herewith (the "Confidential Materials"). The Confidential Materials contain

5113070.03

Washington DC  |  Northern Virginia  |  New Jersey  |  New York  |  Dallas  |  Denver  |  Anchorage  |  Doha  |  Abu Dhabi

**EXHIBIT B**

**PATTON BOGGS LLP**
ATTORNEYS AT LAW

Federal Deposit Insurance Corporation
August 10, 2010
Page 2

sensitive, non-public commercial and financial information that is exempt from disclosure under the Freedom of Information Act, 5 U.S.C. § 552(b)(4) ("FOIA"), the FDIC's implementing regulations, 12 C.F.R. Part 309, including 12 C.F.R. § 309.5(g)(8) and 12 CFR § 309.6(a), Section 607 of the Financial Services Regulatory Relief Act of 2006. The Confidential Materials also may qualify under FOIA and FDIC regulations for other exemptions from disclosure. The Confidential Materials contain personal information not otherwise available to the public and a disclosure of this information would constitute an unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(6) and 12 C.F.R. § 303.8(b)(i).

If you need additional information, please do not hesitate to contact Jeffrey D. Haas at (202) 457-5675 or me at (202) 457-6514.

Sincerely,

Norman B. Antin

Enclosures

cc: James M. Patten, California Department of Financial Institutions
Catherine Nahnsen-Robison, California Department of Financial Institutions
Carey Brennan, Esq.
Jeffrey D. Haas, Esq.

5113070.03